hDECUIR, Judge.
Defendants, Chantelle Fontenot, Dr. Jodi McGee, and his insurer, State Farm Fire & Casualty Company, appeal the trial court’s grant of a motion for judgment notwithstanding the verdict in favor of the plaintiff, Cassandra Robinson. For the reasons that follow, we affirm.
FACTS
Cassandra Robinson was a nurse manager, employed by Savoy Medical Center in Mamou, Louisiana. She worked in the emergency room at the medical center. On December 18, 1997, Dr. McGee was on duty in the emergency room. By agreement with the hospital, he also saw his regular patients in the hospital when he had emergency room duty. To facilitate this arrangement, his employee, Fontenot, was also in the hospital to handle receiving and charting of his regular patients.
On December 18, 1997, Fontenot, while in the course and scope of her employment, spilled a cupful of ice on the floor near the entrance to the nurses station for the emergency room. She either neglected to clean it up or was in the process of retrieving supplies to clean it up when Robinson slipped and fell injuring her sacroiliac (SI) joint.
As a result of her injuries, Robinson was out of work until March 18, 1998. At that time, she was placed on “light duty” with expected maximum medical improvement in March of 1999. Robinson worked for approximately two months with some pain, but without the need of medical consultation. However, on May 26, 1998, while at a social gathering, Robinson bent over to pick up a toy and had an immediate flare up of pain similar to that she had sought treatment for in January and February before returning to work. A comparison of Robinson’s radiographic films, dated December 1997 and May 1998, show a significant degeneration in the SI joint during that five month period.
| ¡.Robinson has not returned to work as a nurse since picking up the toy in May of 1998. She has experienced numerous flare ups requiring hospitalization. Ultimately, Robinson was required to undergo surgery to fuse the SI joint. In addition, she has undergone extensive pain management and psychological treatment for her problems arising from her injury. At the time of the accident, she was a nurse manager earning $46,457.00. All the physicians who testified agree that she cannot return to work as a nurse with direct patient care responsibilities.
Robinson filed suit against Fontenot, Dr. McGee, and State Farm. The case was tried to a jury. The jury returned a verdict awarding Robinson $12,171.08 in past medical expenses, $11,614.00 in lost wages, $38,107.50 for physical pain and suffering, and an identical award for mental pain and suffering. The judgment totaled $100,000.08. All parties filed motions for judgment notwithstanding the verdict. The trial court denied the Defendants’ motions, but granted the motion for judgment notwithstanding the verdict and awarded damages as follows:
Future Pain and Suffering $200,000.00 Past Medical Expenses 5116,713.92
Future Medical Expenses 32 0,000.00 Past Lost Earnings $131,170.47
Loss of Earning Capacity $707,037.00
The trial court’s total award comes to $1,174,921.39.
Dr. McGee, State Farm, and Fontenot lodged appeals alleging that the trial court erred in granting the motion for judgment notwithstanding the verdict, and that the jury’s initial award of $76,215.00 in general damages was manifestly erroneous.
JUDGMENT NOTWITHSTANDING THE VERDICT
By their first assignment, the Defendants contend that the trial court commit *907 ted reversible error in granting Robinson’s motion for JNOV. The crux of their argument is that a central issue at trial was whether the May 26, 1998 incident was a “new injury” or simply an aggravation of the December 1997 injury. They contend that the trial court impermissibly substituted its judgment for the jury’s in concluding that the May 26, 1998 incident was related to the December 1997 accident.
La.Code Civ.P. art. 1811 governs motions for JNOV. However, the jurisprudence has provided the proper standards for the trial or appellate court to apply when analyzing such a motion. In Anderson v. New Orleans Public Service, Inc., 583 So.2d 829, 832 (La.1991), the court said:
A JNOV is warranted when the facts and inferences point so strongly and overwhelmingly in favor of one. party that the court believes that reasonable men could not arrive at a contrary verdict. The motion should be granted only when the evidence points so strongly in favor of the moving party that reasonable men could not reach different conclusions, not merely when there is a preponderance of evidence for the mover. If there is evidence opposed to the motion which is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied.
Considering the harshness of the remedy, the trial court should consider the evidence in a light most favorable to the prevailing party, giving this party the benefit of every legitimate and reasonable inference of fact. Id.
When a trial court determines that a JNOV is warranted because an award was inadequate, it must determine the proper amount of damages. Kreher v. Semreh Club, 95-736 (La.App. 4 Cir. 5/14/97), 694 So.2d 1222. However, unlike the appellate court, the trial court’s options are not limited to raising the award to the lowest point reasonably within the discretion afforded that court. Rather, a de novo review of the | ¿record should be made, and an award determined after an independent assessment of damages. Anderson, 583 So.2d at 833-34.
In reviewing a JNOV, the appellate court must first determine if the trial court erred in granting it. This is done by using the criteria listed in Anderson just as the trial court does in deciding whether to grant the motion. Batiste v. New Hampshire Ins. Co., 94-1467 (La.App. 3 Cir. 5/3/95), 657 So.2d 168, unit denied, 95-1413 (La.9/22/95), 660 So.2d 472.
After careful review of the record, we conclude that the grant of JNOV was proper. The Defendants argue that JNOV is not proper in this case because the jury was confronted with conflicting evidence regarding whether Robinson’s bending over to pick up a toy in May of 1998 constituted a new injury or an aggravation of the original December 1997 injury. It is true that Dr. Lippitt, Robinson’s orthopaedic surgeon, stated in response to a hypothetical, that under the circumstances described he would conclude there had been a new injury. However, his direct response to the question of whether Robinson’s May 1998 incident was a new injury was, “[biased on the information available to me” it was a new injury, “[b]ut it certainly could have been an aggravation of a significant preexisting condition.” Likewise, Dr. Foster, who conducted an independent medical exam and reviewed Robinson’s records, concluded that “the incident of May 1998 was another aggravation or another injury.” Based on these statements and the fact that Robinson did not seek medical treatment, the Defen *908 dants contend that the jury could have reasonably inferred that the May 1998 incident was a new injury. We disagree.
Neither of the statements relied on by the Defendants is definitive. In contrast, the physicians who treated Robinson on a regular basis agree unequivocally that the May 1998 incident was an aggravation of the December 1997 accident. All of the | ^doctors questioned noted a significant deterioration of the SI joint between the December 1997 accident and the May 1998 event. Finally, and most telling was the fact that Robinson was still under a “light duty” work restriction at the time of the May 1998 incident, and her projected date for maximum medical improvement was March of 1999.
Under these circumstance, we find the evidence so overwhelmingly favors the finding that Robinson’s May 1998 incident was related to her December 1997 fall that no reasonable jury could reach a contrary verdict. Accordingly, we find no error in the trial court’s grant of the motion for judgment notwithstanding the verdict. As the Defendants’ remaining assignment addresses the jury’s award, it is moot and does not warrant discussion.
CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceeding are taxed equally between the appellants.
AFFIRMED.